# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRIS STREETER, M.D., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 23-cv-10666-ADB |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

## ORDER

BURROUGHS, D.J.

On March 28, 2023, pro se plaintiff Chris Streeter, M.D. ("Dr. Streeter") filed this action against the United States of America, raising constitutional claims related to several state court proceedings, some of which are resolved and at least one that is still pending. See Compl., ECF No. 1. The Court understands that in one of those state court proceedings, a divorce proceeding, the state court has issued an order directing the sale of Dr. Streeter's current residence. Id. That sale is set to close in June 2023. See ECF No. 7.

On April 19, 2023, Dr. Streeter sought ex-parte temporary (ECF No. 7) and preliminary injunctive relief (ECF No. 8) to halt the closing on this property, in two separate motions. Although the Court would typically wait for a response to the motions prior to ruling, because the absence of jurisdiction is clear, Defendant does not appear to have been served, and time is of the essence given the upcoming closing date, the Court is ruling expeditiously to avoid undue delay and to give plaintiff as much time as possible to pursue her state court remedies. For the reasons stated below, this action is DISMISSED for lack of jurisdiction under Rooker Feldman

doctrine and Younger abstention doctrine.   The motions are therefore <u>DENIED</u> without prejudice as <u>MOOT</u>.   The Clerk is directed to enter a separate order of dismissal.

As an initial matter, and dispositive here, this Court has an independent obligation to *sua sponte* inquire into its own subject matter jurisdiction, see <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).   After careful review of the complaint and motions for injunctive relief, this action appears to boil down to Dr. Streeter's disappointment in the results of her divorce action and related actions in Massachusetts state courts, resulting in, among other things, a state court order that Dr. Streeter's property be sold by a special master.   The closing on the property is scheduled for June 5, 2023.   As understandably distressing as this is for Dr. Streeter and her daughter, even if the United States were the proper party – which it is not, and which is an alternative basis for denying the motions for injunctive relief – this Court must dismiss this action for lack of jurisdiction under Rooker-Feldman doctrine and Younger abstention doctrine.[1]

First, as here, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."   <u>Tyler v. Sup. Jud. Ct. of Massachusetts</u>, 914 F.3d 47, 50 (1st Cir. 2019).   Under what is known as "the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[2]   <u>Id.</u> (citation and quotations omitted).   "The Rooker-Feldman doctrine

---

[1] Because the Court does not exercise jurisdiction over the action it need not and does not reach the merits of the motions for injunctive relief.
[2] The Rooker–Feldman doctrine derives from two Supreme Court decisions: <u>Rooker</u> v. <u>Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>D.C. Court of Appeals</u> v. <u>Feldman</u>, 460 U.S. 462 (1983).

bars jurisdiction only in the limited circumstances where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id.  All three of those elements are met here.  It appears that Dr. Streeter lost in the Massachusetts state courts and she complains that some of her injuries are a result of that judgment or judgments.  She apparently seeks for this Court to review and reject the state court judgments and orders through this action. This Court is simply without jurisdiction to undo the judgments of the Massachusetts courts.

Second, to the extent the Dr. Streeter is asking this Court to insert itself into current proceedings before the Probate Court, and in particular interfere with its orders relating to the sale of the Dr. Streeter's residence, this Court abstains from exercising jurisdiction under Younger abstention doctrine. "Under Younger [abstention] principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (citing Younger v. Harris, 401 U.S. 37, 41 (1971)) (citation and quotation omitted).  Here, a Probate proceeding, including contempt proceedings that require sale of a marital property, are matters over which this Court must abstain from exercising jurisdiction. See ML-SF v. Budd, Civ. No. 21-10078-DJC, 2021 WL 3861167 at *5 (D.Mass. Aug. 30, 2021)).

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction, and the pending motions for injunctive relief are DENIED without prejudice as MOOT.  At this stage, Dr. Streeter's remedy is to utilize the Massachusetts courts.  This Court will not interfere with the Massachusetts courts on this record.

**SO ORDERED.**

April 21, 2023 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE